# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STACY ALEXANDER, | ) | |
| KIM ROGERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO.  10-CV- 908-WDS |
| | ) | |
| CASINO QUEEN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant Casino Queen, Inc.'s motion to dismiss plaintiffs Stacy Alexander and Kim Rogers's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 10), to which plaintiffs have filed their memorandum in opposition (Doc. 16). Plaintiffs claim race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; as well as race discrimination and retaliation under 42 U.S.C. § 1981 (Doc. 5). Defendant argues that plaintiffs' complaint should be dismissed because (1) the entire action is barred by res judicata, (2) the Title VII claims were not filed with the U.S. Equal Employment Opportunity Commission ("EEOC"), (3) plaintiff Rogers did not receive a notice of right to sue from the EEOC, and (4) any discrimination more than four years before this suit is barred by § 1981's statute of limitations. Defendant also asserts that plaintiffs' claims are frivolous and, therefore, seeks attorney's fees and costs.

This Order will not address two potential issues included in defendant's motion, presumably by mistake. Defendant mentions Rule 12(b)(1) without actually contesting subject-matter jurisdiction. Similarly, the title of defendant's motion says, "motion for more definite statement," without discussion elsewhere.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Stacy Alexander and Kim Rogers are former cocktail waitresses at a casino in East St. Louis, Illinois, operated by defendant Casino Queen, Inc. They are both African-Americans. Alexander began her employment in 1993, Rogers in 1994.

On October 11, 2007, plaintiffs filed a complaint in this Court, Case No. 07-CV-634, alleging unlawful discrimination and retaliation under Title VII and 42 U.S.C. § 1981. Their complaint accused defendant of having a racially hostile work environment and alleged continuing violations of discrimination. That case was dismissed with prejudice for want of prosecution, and judgment was entered for defendant (Docs. 21 & 22, Case No. 07-CV-634; Doc. 5, ¶ 20).

Alexander and Rogers have since each filed new charges of discrimination with the EEOC, alleging continuing actions based on unlawful racial discrimination and retaliation. The EEOC issued them both notices of right to sue. Alexander filed her complaint in this Court on November 12, 2010 (Doc. 2), and amended it to add Rogers on November 16, 2010 (Doc. 5).

Plaintiffs aver that defendant assigned African-Americans to "back of the house" positions at the casino. They allege that defendant's practices and conduct created a hostile work environment for them, were motivated by race, and were in retaliation for plaintiffs' protests against race discrimination. They claim that throughout their employment:

• they had only one African-American as their supervisor; all other positions above the cocktail waitresses were held by Caucasians

• their supervisors watched them, scrutinized their performance, monitored their breaks, and questioned their time cards, and those of other African-American cocktail waitresses, more closely than they did those of Caucasian waitresses

• defendant assigned them and other African-American waitresses to less desirable areas, such as near the penny slots, without regard to seniority and the usual process of bidding for assignments, which adversely affected plaintiffs' tips

• in 2009, defendant reduced Alexander's tips by removing the dollar slot machines from her area and giving them to a Caucasian waitress

• in 2010, a waitress was absent, and Rogers was given the least desirable section to cover, which lowered her tips, while two Caucasian waitresses were given more lucrative sections

• defendant disciplined, reprimanded, and warned them for alleged infractions for which it did not similarly discipline or warn Caucasian waitresses

• in 2008, defendant fired Alexander for not calling off work at least two hours before her shift started, although Caucasian employees had failed to call without being fired. Alexander filed a grievance through her labor union and was reinstated

• in April 2009, defendant sent Rogers home without pay for arriving at work late. Later a Caucasian waitress did not call in or show up for her shift, but she was not disciplined. Another Caucasian waitress came in to work an hour late, yet she was allowed to stay the rest of her shift

• plaintiffs observed defendant treating Caucasian customers more favorably than African-American customers; for example, by giving them complimentary meals or in the manner of handling disruptive behavior

• plaintiffs and other African-American employees repeatedly protested to defendant that they were being treated unfairly based on their race

• plaintiffs allege that a pattern of disparate treatment continued after the first lawsuit filed in this Court

• defendant has caused plaintiffs to lose wages and tips, advancement opportunities, and other benefits; and to have experienced humiliation, embarrassment, emotional distress inconvenience, and loss of enjoyment of life

**DISCUSSION**

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must be "sufficient to provide the defendant with 'fair notice' of the claim and its basis," such that the defendant can begin to investigate and defend against the claim. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081, 1085 (7th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Even so, claims of employment discrimination under Title VII may be alleged "quite generally." *Id.* at 1081. In addition to providing fair notice, factual allegations must suggest that plaintiffs' right to relief is plausible and not merely speculative. *Id.* at 1084 (citing *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

After the Supreme Court altered the contours of federal pleading in *Bell Atlantic v. Twombly*, the Seventh Circuit reaffirmed a "minimal pleading standard" for race and sex discrimination, reasoning that "once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim." *Tamayo*, 526 F.3d at 1084 (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781–82 (7th Cir. 2007)). The complaint need not include evidence. *Id.* at 1081, 1085.

The Court reviews motions to dismiss in the light most favorable to the plaintiffs, accepts

as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiffs' favor. *Id.* at 1081.

## ANALYSIS

### A. Res judicata

Defendant first argues that this case should be dismissed because plaintiffs' claims are barred by res judicata. Plaintiffs filed a previous complaint of racial discrimination and retaliation against defendant in this Court, and it was dismissed with prejudice.

Res judicata (or claim preclusion) "is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps." *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011) (quoting *In re Ingersoll, Inc.*, 562 F.3d 856, 861 (7th Cir. 2009)). The elements of res judicata are (1) a final judgment on the merits, (2) an identity of the cause of action (*i.e.*, arising from the same transaction, identified by its "operative facts"), and (3) an identity of parties or privies in the two suits. *Czarniecki*, 633 F.3d at 548 (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009)); *Ross ex rel. Ross v. Bd. of Educ.*, 486 F.3d 279, 283 (7th Cir. 2007). Regarding what constitutes the "same transaction" or the "same operative facts," "two claims are one . . . if they are based on the same, or nearly the same, factual allegations." *Hermann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993); *accord Czarniecki*, 633 F.3d at 550. Res judicata not only bars parties from relitigating the issues actually raised in the earlier suit, but also any issues that could have been raised in it. *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006); *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 38 (7th Cir. 1995).

Once the above elements are met, res judicata generally bars claims as of the time the first lawsuit was filed, not those that accrue later, *Ellis v. CCA of Tenn. LLC*, No. 10-2768, 2011 WL 2247384, at *9 (7th Cir. June 9, 2011); *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008); *Spiegel v. Cont'l Ill. Nat'l Bank*, 790 F.2d 638, 646 (7th Cir. 1986), because "[t]he filing of a suit does not entitle the defendant to continue or repeat the unlawful conduct with immunity from further suit," *Smith*, 513 F.3d at 783 (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955)).

Here, plaintiffs agree that the first and third elements are present. The only issue is whether there is identity of the cause of action. Defendant reasons that since plaintiffs asserted race discrimination under Title VII and § 1981 in their first lawsuit, all such claims should be barred now. Plaintiffs concede an identity of the causes of action as to discriminatory practices that occurred before the first lawsuit. But, they argue, now they are basing their claims "on incidents that occurred in 2008, 2009 and 2010," making this a separate cause of action (Doc. 16, p. 5). Consequently, they believe the earlier judgment "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327–28 (1955); *accord Int'l Harvester Co. v. Occupational Safety and Health Review Comm'n*, 628 F.2d 982, 985–86 (7th Cir. 1980) (res judicata did not apply to defendant's continuing failure to comply with regulation because it was a course of wrongful conduct giving rise to more than a single cause of action).

The Court agrees with plaintiffs. Even if the legal theories now presented are identical to those brought in the first lawsuit, plaintiffs are not prohibited from bringing them based on later factual events. Later events constitute a different transaction or transactions and, therefore, could not have been raised in the earlier lawsuit. *See Highway J Citizens Grp.,* 456 F.3d at 743 (plaintiffs'

claims were barred because they arose from the same factual transaction and plaintiffs could have raised them previously).

Yet, plaintiffs hold out hope that they might recover for *some* earlier incidents of discrimination and retaliation. They say that determining which specific incidents are and are not included in the time period for which they can recover damages requires consideration of evidence outside the pleadings and must await discovery. But that is incorrect. Claims that arose before the filing of the first lawsuit on October 11, 2007, are barred. *Smith*, 513 F.3d at 783.

In a footnote, plaintiffs add that incidents before the period for which they can recover damages may still be relevant as background evidence. The parties have not argued this point specifically, however. The Supreme Court in *United Air Lines, Inc. v. Evans* suggested that incidents before the time period encompassed by their EEOC charge, although having no legal consequences themselves, "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." 431 U.S. 553, 558 (1977). In *Shanoff v. Illinois Department of Human Services*, the Seventh Circuit considered certain time-barred conduct "to illuminate the nature of the hostility involved in the actionable conduct." 258 F.3d 696, 705 (7th Cir. 2001). *United Air Lines* and *Shanoff*, however, were addressing conduct that occurred before the deadline for filing an EEOC charge, not res judicata. *Id.* at 701, 705. The Court therefore declines to decide this question, since the parties have not sufficiently addressed it.

Defendant's motion to dismiss based on res judicata is **GRANTED** as to plaintiffs' allegations of racial discrimination and retaliation that occurred before the first lawsuit was filed; it is **DENIED** as to later allegations.

**B. Failure to state claims for relief**

As to alleged incidents that occurred after the first lawsuit, defendant says plaintiffs' new allegations are merely in support of hostile-work-environment and continuing-violation claims; they are not adverse employment actions under Title VII and § 1981.

As discussed above, plaintiffs' allegations of hostile work environment and continuing violations are not entirely barred by res judicata. So defendant's argument that plaintiffs' allegations are merely in support of those claims does not refute them. Indeed, pleadings must provide the defendant with fair notice of the claim and its basis. Defendant recognizes these claims and has been given fair notice.

Moreover, plaintiffs' factual allegations suggest that their right to relief is plausible and not merely speculative. They allege, among other claims, that defendant removed dollar slot machines from Alexander's assigned area, lowering her tips; assigned Rogers to the least desirable part of an absent waitress's area, thereby lowering her tips; fired Alexander for not calling off work in advance, which defendant did not do to Caucasian waitresses; and sent Rogers home without pay for arriving to work late, while other Caucasian waitresses were not disciplined for the similar conduct. They allege these actions were racially motivated, and once a plaintiff has clarified that discrimination is on the basis of race, there is no further information both easy to provide and of clear critical importance to the claim. *Tamayo*, 526 F.3d at 1084. They also allege that they have complained to defendant about their unequal treatment. Viewing these and the other allegations in the light most favorable to the plaintiffs, accepting as true the facts alleged, and drawing all inferences in plaintiffs' favor, the Court **FINDS** that plaintiffs have stated claims for relief.

**C. Failure to file charges with the EEOC**

Defendant asserts that plaintiffs failed first to make their present allegations in charges with the EEOC, which failure bars those allegations. In addition, any incidents that occurred more than 300 days before the EEOC charges must also be barred. Plaintiffs respond, in part, that this inquiry would require the Court to examine evidence beyond the face of the pleadings and should not be decided on a motion to dismiss.

The "consideration of a 12(b)(6) motion is restricted solely to the pleadings, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs." *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *accord Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d); *see also Thompson*, 300 F.3d at 753; *Beam*, 838 F.2d at 244. Failure to treat the motion as one for summary judgment (and allow the parties to supplement the record) can result in reversible error. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); *R.J.R. Servs., Inc. v. Aetna Cas. and Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1988); *Beam*, 838 F.2d at 244.

Plaintiffs are correct that inquiring into their EEOC charges would require the Court to consider matters outside the pleadings:

> "[A]n inquiry into the scope of the [EEOC] charge always entails an inquiry beyond the face of the complaint into the legal characterizations that surround the barebones of the factual allegations contained in the charge. In addition, such an inquiry may require evidence of the breadth of the EEOC investigation that followed the filing of the charge to determine whether the charge was adequate to support all of the allegations advanced in the complaint.

*Barbrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) (contrasting the scope of the EEOC

charge with subject-matter jurisdiction, which can generally be determined facially). At this early stage in the proceedings, the Court will exclude matters outside the pleadings (Doc. 10, Exs. A & B; Doc. 16, Ex. 1). Defendant can raise its arguments relating to the scope and timing of the EEOC charges in a motion for summary judgment.

Also relating to the EEOC procedural requirements, defendant objects that Rogers did not receive a notice of right to sue from the EEOC, and her claims should be dismissed. Plaintiffs allege, however, that Rogers did receive such notice (Doc. 5, ¶ 33). And as explained above, the Court must accept as true the facts alleged.

Defendant's motion to dismiss based on a failure to file charges with the EEOC, or to receive a notice of right to sue, is **DENIED**.

**D. Section 1981 statute of limitations**

In case plaintiffs' claims survive the previous objections, defendant notes that plaintiffs' claims could reach as far back as 1993, when Alexander started working for defendant. Defendant therefore asks the Court to exclude claims of discrimination that arose more than four years before the complaint and amended complaint were filed on November 12 and 16, 2010. Section 1981 has a four-year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83 (2004); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 269 (7th Cir. 2004). All such claims are already excluded, however. As discussed above, res judicata bars claims that arose before October 11, 2007, when plaintiffs' first lawsuit was filed. Accordingly, defendant's request is **DENIED** as moot.

**E. Attorney's fees**

Finally, defendant's request for attorney's fees is premature and therefore **DENIED**. Defendant is not a prevailing party. Defendant has also not shown plaintiffs' claims to be frivolous,

unreasonable, groundless, or in bad faith.

## CONCLUSION

Defendant's motion to dismiss (Doc. 10) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** based on res judicata as to plaintiffs' allegations of racial discrimination and retaliation that occurred before the first lawsuit was filed; it is **DENIED** as to later allegations. It is also **DENIED** as to the remaining arguments; namely, failure to file charges with the EEOC, Rogers's notice of right to sue, the § 1981 statute of limitations, and attorney's fees.

**IT IS SO ORDERED.**

**DATED:  July 13, 2011**


  **/s/  WILLIAM D. STIEHL**
  **DISTRICT JUDGE**