IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **STACY ALEXANDER, and KIM ROGERS** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:10-CV-00908 |
| | ) | |
| **CASINO QUEEN, INC.**, a corporation, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## DEFENDANT'S MOTION *IN LIMINE*

Comes now Defendant, **Casino Queen, Inc.**, by and through its attorneys, **Becker, Hoerner, Thompson & Ysursa, P.C.**, and respectfully moves this Court, *in limine*, before the jury's selection or the trial's commencement, for its order instructing (a) Plaintiffs and Plaintiffs' counsel, and (b) through them, each of their witnesses, not to mention, interrogate upon, or in any other manner, convey to the jury anything concerning the following facts and circumstances:

1.     **Bar evidence of or reference to alleged matters occurring prior to October 11, 2007.**

This Court's Order on Defendant's Motion to Dismiss expressly ruled that "claims that arose before the filing of the first lawsuit on October 11, 2007, are barred." (Document 21). Therefore, any evidence of or reference to alleged matters occurring prior to October 11, 2007 is inadmissible as irrelevant and prejudicial.

**Allowed** _____          **Denied** _____          **Under Advisement** _____

2.     **Bar deposition testimony from the case of *Riley-Jackson, et al. v. Casino Queen, Inc.* (Case No. 07-cv-631-MJR-PMF).**

Deposition testimony from the case of *Riley-Jackson, et al. v. Casino Queen, Inc.* (Case No. 07-cv-631-MJR-PMF) is inadmissible as evidence in this case under Rule 32(a) because

depositions from another case may only be used if the other action was between the same parties.

Pertinently, Federal Rule of Civil Procedure 32(a)(8) provides:

> "A deposition lawfully taken and, if required, filed in any federal or state court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(8).

Addressing strikingly similar circumstances, this Court of Appeals for the Seventh Circuit agreed with a district court's exclusion of deposition testimony taken in an earlier action:

> "Many of the attachments were pages of depositions taken in other actions, which could be used if the other actions were "between the same parties or their representatives or successors in interest", Fed.R.Civ.P. 32(a)(4), a condition that does not appear to have been met. (We use the qualifier "appear" because the lawyer did not make any effort to show the relation among the parties to the different cases." *Nw. Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994).

The fact remains that this deposition testimony does not involve the same subject matter "between the same parties, or their representatives or successors in interest", and there is simply no basis for the use of such deposition testimony under the Federal Rule of Evidence 804(b)(1) because Plaintiffs have neither established that the deponents are unavailable as witnesses nor that the deposition testimony in any way concerned Plaintiffs' claims.

Furthermore, this Court's Order on Defendant's Motion to Dismiss expressly ruled that "claims that arose before the filing of the first lawsuit on October 11, 2007, are barred." (Document 21). Accordingly, as the alleged matters that gave rise to the *Riley-Jackson* case must necessarily have taken place prior to its September 4, 2007 filing, testimony in that case cannot possibly have any relevance to this case, where the relevant time period begins on October 11, 2007.

**Allowed** _____          **Denied** _____          **Under Advisement** _____

**3.     Bar evidence or reference concerning alleged race discrimination toward individuals other than Plaintiffs.**

The Seventh Circuit Court of Appeals has explained that evidence concerning alleged race discrimination toward individuals other than Plaintiffs is inadmissible as irrelevant and prejudicial.  *Manuel v. City of* Chicago, 335 F. 3d 592 (7th Cir. 2003).  The fact remains, because summary judgment was properly granted on Plaintiffs' hostile-work-environment claims, the only relevant allegations of race-discrimination are those of Plaintiffs, and the introduction of any such allegations of others is prejudicial to Defendant in that it could only confuse and mislead the jury.  Therefore, any evidence or reference concerning alleged race discrimination toward individuals other than Plaintiffs is inadmissible as irrelevant and prejudicial.

**Allowed _____             Denied _____          Under Advisement _____**

**4.     Bar evidence of or reference to alleged discriminatory statements or conduct by persons other than decision-makers.**

Pursuant to Rule 801(d)(2)(D) only evidence of conduct directed to plaintiff which is attributable to decision-makers is probative of disparate treatment.  *Armbruster v. Unisys Corp*., 32 F.3d 768, 779 (3d Cir. 1994); *Breneman v. Kennecott Corp*., 799 F.2d 470, 473 (9th Cir. 1986); *Hill v. Spiegel, Inc*., 708 F.2d 233, 237 (6th Cir. 1983). Thus, the United States Court of Appeals for the Sixth Circuit held that the admission of testimony of managers who said the plaintiff was discharged because of his age was reversible error because they had no role in the decision; therefore, "there was no basis for finding that the statements of these declarants concerned 'a matter within the scope of (their) agency.'" *Hill*, 708 F.2d at 237 (quoting Fed. R. Evid. 801(d)(2)(D)); see also *Williams v. Pharmacia*, 137 F.3d 944, 950-51 (7th Cir. 1998) (reaching the same conclusion regarding the testimony of five women in a sex discrimination

case).  Likewise, evidence that other managers acted differently from the decision-making supervisor is irrelevant and inadmissible.  See *Phelps v. Yale Sec., Inc*., 986 F.2d 1020, 1025 (6th Cir. 1993) (finding irrelevant the rehiring of younger employees by other managers after the plaintiff was laid off in a reduction in force); *Jones v. Gerwens*, 874 F.2d 1534, 1541-42 (11th Cir. 1989) (finding irrelevant evidence that other supervisors applied rules more leniently, since plaintiff must demonstrate his supervisor knew of violations and overlooked them).  Finally, if the ultimate decision-makers (such as a grievance board) are superior to the supervisor in the chain of command, and their decision was based on an independent investigation, the supervisor's alleged bias is not evidence of discrimination.  *Wilson v. Stroh Co*., 952 F.2d 942, 946 (6th Cir. 1992).  Therefore, any evidence of or reference to alleged discriminatory statements or conduct by persons other than decision-makers is likewise inadmissible as irrelevant and prejudicial.

**Allowed _____            Denied _____         Under Advisement _____**

**5.        Bar evidence or reference based on remoteness in time.**

Evidence of alleged discriminatory remarks or actions that are too remote in time, either before or after the challenged decision is inadmissible as irrelevant prejudicial.  Indeed, discriminatory comments allegedly made more than one year before the adverse employment action, even where made by decision-makers are inadmissible. See *Atkin v. Lincoln Property Co*., 991 F.2d 268, 272 (5th Cir. 1993); *Phelps v. Yale Sec., Inc*., 986 F.2d 1020, 1026 (6th Cir. 1993); *Turner v. North Am. Rubber, Inc*., 979 F.2d 55, 59 (5th Cir. 1992).  In *Armbruster v. Unisys Corp.,* 32 F.3d 768 (3d Cir. 1994) an executive's statement more than two years earlier that he did not want "'any over 50 burnouts promoted'" was too remote in time and, therefore, not "direct evidence" of age discrimination.  *Id.* at 779; see also *Brown v. CSC Logic, Inc*., 82

F.3d 651, 655 (5th Cir. 1996) (finding that events sixteen months before termination have no bearing on termination decision).  Also, in *Bialas v. Greyhound Lines, Inc.,* 59 F.3d 759 (8th Cir. 1995) the court affirmed summary judgment notwithstanding the CEO's statements that "'anyone at this company over 10 years of seniority is an idiot'" and "'people over 45 years of age, including myself, generally have serious difficulty adjusting to change,'" since these statements occurred six months after the allegedly discriminatory layoff and the CEO did not participate in the termination decisions.  *Id.* at 762-64; see also *Johnson v. Yellow Freight Sys., Inc.,* 734 F.2d 1304, 1310 (8th Cir. 1984) (finding that after-the-fact evidence that plaintiff did not commit the offense resulting in his termination was properly excluded, since only facts believed to be true at the time of termination are relevant); *Lowe v. Commack Union Free Sch. Dist.,* 886 F.2d 1364, 1376 (2d Cir. 1989) (affirming exclusion of evidence regarding hiring in the 1987-1988 school year under Rule 403, since the case involved alleged age discrimination regarding hiring in the 1986-1987 school year).

     **Allowed** \_\_\_\_\_              **Denied** \_\_\_\_\_          **Under Advisement** \_\_\_\_\_

     **6.**     **Bar evidence of or reference to alleged discriminatory acts that are time-barred and/or are not a basis for plaintiff's claims.**

Evidence or testimony regarding alleged discriminatory acts are beyond the reach of the statutory filing period is inadmissible as irrelevant and prejudicial.  In *Malarkey v. Texaco, Inc.,* 983 F.2d 1204 (2d Cir. 1993) the court affirmed the exclusion of such evidence, rejecting the plaintiff's reliance on the Supreme Court's holding in *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) (that earlier discriminatory acts "'may constitute relevant background evidence'" precluding their exclusion) and held that a discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the

statute was passed.  *Malarkey*, 983 F.2d at 1211 (quoting Evans, 431 U.S. at 558).  The Malarkey court explained that Evans did not "compel the admission of such evidence, but rather affords the trial courts discretion to decide whether such evidence is admissible under the ordinary evidentiary standards of probity and prejudice" under Rules 401 and 403.  *Id.*; see also *Summit v. S-B Power Tool,* 121 F.3d 416, 422 (8th Cir. 1997) (upholding the trial court's exclusion of evidence of alleged harassment because of failure to file timely charge. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997) (recognizing that it is in "the court's discretion to conclude that events . . should be excluded on the ground that they were too remote to have probative value"). Likewise, in *Wingfield v. United Technologies Corp*., 678 F. Supp. 973 (D. Conn. 1988) the court sustained the defendant's motion in limine and excluded evidence of time-barred events because the evidence was not relevant under Rules 401 and 402, and the "presentation of such evidence would be likely to confuse the jury, unfairly prejudice the defendant and unduly delay the trial." *Id.* at 983.

**Allowed** _____          **Denied** _____          **Under Advisement** _____

7.     **Bar evidence of or reference to Plaintiff Alexander's employment termination in February of 2012.**

Plaintiff Alexander's employment termination in February of 2012 is not a subject of the above-captioned matter; rather, it was the subject of another Charge of Discrimination (EEOC Case No. 560-2012-02113) which Plaintiff Alexander did not pursue following the November 9, 2012 issuance of Notice of Right to Sue.  Therefore, any evidence of or reference to same is inadmissible as time-barred, irrelevant and prejudicial.

**Allowed** _____          **Denied** _____          **Under Advisement** _____

8.      **Bar evidence of or reference to Plaintiffs' EEOC claims.**

The United States Court of Appeals for the Seventh Circuit has held that EEOC determinations and related matters are inadmissible as irrelevant and prejudicial.  *Silverman v. Board of Education of the City of Chicago*, 637 F.3d 729 (7th Cir. 2011)).   Therefore, any evidence of or reference to same is likewise inadmissible as irrelevant and prejudicial.

**Allowed** _____          **Denied** _____          **Under Advisement** _____

9.      **Bar miscellaneous hearsay evidence regarding alleged discrimination.**

Hearsay statements where the identity of the declarant is vague or unknown should be excluded. In *Carden v. Westinghouse Electric Corp*., 850 F.2d 996 (3d Cir. 1988) the admission of plaintiff's statement that his supervisor told him that "'he thought they wanted a younger person'" was reversible error since "they" were never identified and no nexus was established between the statement and the challenged decision.  *Id.* at 1002.  Similarly, statements that others were treated more favorably based on information from unidentified sources have also been held inadmissible. See *id.* at 1002-03; *Mitchell v. Toledo Hosp*., 964 F.2d 577, 584-85 (6th Cir. 1992); *Baxter v. AT&T Communications*, 712 F. Supp. 1166, 1173-74 (D.N.J. 1989); see also *Ellis v. Ball Corp*., 54 Fair Empl. Prac. Cas. (BNA) 1180, 1183 (N.D. Ala. 1990) (finding that alleged "general knowledge" in the plant of discriminatory application of policies was disregarded as conclusionary and not based on personal knowledge).  Courts have also found testimony by the plaintiff that others told her that they were also sexually harassed by the same alleged harasser or that the decision-maker acted out of discriminatory motives to be inadmissible hearsay as well as non-probative. See *Pfau v. Reed*, 125 F.3d 927, 938 (5th Cir. 1997) (finding plaintiff's affidavit testimony that two female co-workers also were harassed and that plaintiff had reported this to management was incompetent summary judgment evidence), vacated and remanded, 119 S. Ct.

32 (1998); Betkerur v. Aultman Hosp. Ass'n, 78 F.3d 1079, 1095-96 (6th Cir. 1996) (finding plaintiff's deposition testimony that "other hospital personnel, often unnamed, told her or implied that (the hospital) acted out of discriminatory motives" was hearsay and no more than rumors and conclusory allegations).

**Allowed** _____         **Denied** _____         **Under Advisement** _____

WHEREFORE, Defendant, **Casino Queen, Inc.**, respectfully requests that this Court enter an Order directing Plaintiffs, through their counsel, agents and individually, not to mention, refer to, interrogate concerning or voluntarily answer or attempt to convey before the jury at any time during these proceedings, in any manner, either directly or indirectly, the subject matter as stated above; and further to instruct Plaintiffs through their counsel and agents, individually, not to make any reference or inference to the fact that this motion has been filed, argued or ruled upon by this Court and further, that Plaintiffs' counsel be instructed to warn and caution each and every witness appearing before the jury to strictly comply with the ruling of this Court.

**BECKER, HOERNER, THOMPSON & YSURSA, P.C.**

By:___ */s/Garrett P. Hoerner*_____
    **Garrett P. Hoerner**
    No. 06243119

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, Illinois  62226-4797
(618) 235-0020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **STACY ALEXANDER, and KIM ROGERS** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:10-CV-00908 |
| | ) | |
| **CASINO QUEEN, INC.**, a corporation, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that, on **January 12, 2015,** I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

BECKER, HOERNER, THOMPSON & YSURSA, P.C.

By:___ /s/Garrett P. Hoerner_____
**Garrett P. Hoerner**
No. 06243119

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, Illinois 62226-4797
(618) 235-0020