IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **STACY ALEXANDER and KIM ROGERS** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:10-CV-00908 |
| | ) | |
| **CASINO QUEEN, INC.**, a corporation, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PRETRIAL DISCLOSURES

Comes now Defendant, **Casino Queen, Inc.**, by and through its attorneys, **Becker, Hoerner Thompson & Ysursa, P.C.**, and for Defendant's Objections to Plaintiff's Pretrial Disclosures, states as follows:

1. On June 20, 2014, the Plaintiffs timely filed Plaintiffs' Pretrial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3). (Doc. 94).

2. On June 22, 2014, the Defendant timely filed Defendant's Amended Pretrial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3). (Doc. 95).

3. On June 30, 2014, counsel for the Plaintiff, Kathryn Denner, filed a Motion for Leave to Withdraw as Counsel and to Stay Case. (Doc. 98).

4. On July 1, 2014, Defendant filed a Motion in Limine directed to matters in the Plaintiffs' Pretrial Disclosures objecting, among other matters, to any mention or reference to testimony from the case of *Riley-Jackson, et al v. Casino Queen, Inc.*, alleged race discrimination toward individuals other than the Plaintiffs, alleged discrimination by persons other than the decision makers, alleged actions that are time barred, reference to Alexander's

1

employment termination in February of 2012, Plaintiffs' EEOC claims and any miscellany hearsay evidence regarding alleged discrimination.(Doc 99).

5. Plaintiffs did not object to the Defendant's Motion in Limine. (Doc. 99).

6. On January 2, 2015, Plaintiffs filed an additional pleading labeled as Plaintiffs' Rule 26(a)(3) Disclosures. (Doc. 112).

7. In the pleading of January 2, 2015, (Doc. 112) the Plaintiffs asserted new and additional disclosures of witnesses that they anticipate they will call of Betty Smith and Jeff Watson (as an adverse witness), that they may call as an adverse witness any representative of defendant present at counsel table during the trial and stated as previously undisclosed exhibits an "Affidavit of E'twon Meadows in Case 3:07-cv-0063, Document 209-7, filed 09/03/10" and excerpts of deposition of Defendant's witnesses in the matter of *Riley-Jackson v. Casino Queen, Inc*.

8. Federal Rule of Civil Procedure 26(a)(3)(B) pertinently provides for objections to pretrial disclosures as follows:

> "Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made--except for one under Federal Rule of Evidence 402 or 403--is waived unless excused by the court for good cause."

9. Defendant specifically objects to the pleading of January 2, 2015, and the previously undisclosed witnesses and exhibits including Jeff Watson, the representative of defendant present at counsel table during the trial and the affidavit of E'twon Meadows as Defendant had prepared for trial prior to the continuance granted on behalf of Plaintiffs and

Federal Rule of Civil Procedure 26 does not provide that a party may add witnesses or exhibits after continuance is granted on behalf of that party.

10. Defendant further objects to the disclosure of Jeff Watson as a witness as Plaintiff has not established that he is adverse or otherwise established grounds to call him as an adverse witness.

11. Furthermore, Plaintiff did not object to the Motion in Limine of July 1, 2014, (Doc. 99) which was directed to matters in the Plaintiffs' Pretrial Disclosure of June 20, 2014 (Doc. 94), and Defendant specifically objects to any disclosure contrary to the Motion in Limine of July 1, 2014 and specifically to any witnesses or exhibits or reference to testimony from the case of *Riley-Jackson, et al v. Casino Queen, Inc*., alleged race discrimination toward individuals other than the Plaintiffs, alleged discrimination by persons other than the decision makers, alleged actions that are time barred, reference to Alexander's employment termination in February of 2012, Plaintiffs' EEOC claims and any miscellany hearsay evidence regarding alleged discrimination as objected to in the Motion in Limine of July 1, 2014, which was directed to matters in the Plaintiffs' Pretrial Disclosure. (Doc. 99).

12. Defendant further interposes objection to the admissibility of testimony Betty Smith as barred on the grounds set forth in the Defendant's Motion in Limine. Defendant specifically objects to her testimony as to any matters that are the subject of the case of *Riley-Jackson, et al. v. Casino Queen, Inc*. (Case No. 07-cv-631-MJR-PMF) and to any of her deposition testimony in that cause. In particular, deposition testimony from the case of *Riley-Jackson, et al. v. Casino Queen, Inc.* (Case No. 07-cv-631-MJR-PMF) is inadmissible as evidence in this case under Rule 32(a) because depositions from another case may only be used

if the other action was between the same parties. Pertinently, Federal Rule of Civil Procedure 32(a)(8) provides:

> "A deposition lawfully taken and, if required, filed in any federal or state court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(8).

Addressing strikingly similar circumstances, this Court of Appeals for the Seventh Circuit agreed with a district court's exclusion of deposition testimony taken in an earlier action:

> "Many of the attachments were pages of depositions taken in other actions, which could be used if the other actions were "between the same parties or their representatives or successors in interest", Fed.R.Civ.P. 32(a)(4), a condition that does not appear to have been met. (We use the qualifier "appear" because the lawyer did not make any effort to show the relation among the parties to the different cases." *Nw. Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994).

The fact remains that this deposition testimony does not involve the same subject matter "between the same parties, or their representatives or successors in interest", and there is simply no basis for the use of such deposition testimony under the Federal Rule of Evidence 804(b)(1) because Plaintiffs have neither established that the deponents are unavailable as witnesses nor that the deposition testimony in any way concerned Plaintiffs' claims. Furthermore, this Court's Order on Defendant's Motion to Dismiss expressly ruled that "claims that arose before the filing of the first lawsuit on October 11, 2007, are barred." (Document 21). Accordingly, as the alleged matters that gave rise to the *Riley-Jackson* case must necessarily have taken place prior to its September 4, 2007 filing, testimony in that case cannot possibly have any relevance to this case, where the relevant time period begins on October 11, 2007.

  13. Defendant further interposes objection to the admissibility of the testimony of witnesses listed under I. paragraph B. in the pleading labeled as Plaintiffs' Rule 26(a)(3) Disclosures of January 2, 2015 (Doc. 112) being Martina Conley, Alvinita Guy, E'twon

Meadows, Nicole Wolf, Kevin Brown, Lawrence Burton, Mildred Lynn, Kendrick McKnuckles, Darren Palmer, Golden Parker, and Eddie Wicks to the extent that such testimony may be irrelevant and unduly prejudicial and is otherwise barred by the grounds stated in Defendant's Motion in Limine (Doc. 113).

14. Defendant further interposes objection to the Plaintiffs presenting as an adverse witness any representative of the defendant present at counsel table as listed in listed in under I. paragraph B. in the pleading labeled as Plaintiffs' Rule 26(a)(3) Disclosures of January 2, 2015 (Doc. 112) as Plaintiff has not established grounds for calling such witness and as such was not previously disclosed.

15. Defendant further interposes objections to the exhibits listed in the pleading of January 2, 2015 (Doc.112) as 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25 as lacking in foundation, based on hearsay, unduly prejudicial and irrelevant and to the extent that such exhibits are otherwise barred by the grounds stated in Defendant's Motion in Limine (Doc. 113).

16. Defendant further interposes objections to the Plaintiff offering any additional exhibits, and specifically to excerpts of any deposition testimony taken in the matter of *Riley-Jackson v. Casino Queen, Inc*., as such additional exhibits have not been specifically identified and as the matter of *Riley Jackson v. Casino Queen, Inc*, was not in an action between the same parties, does not involve the same subject matter, irrelevant, unduly prejudicial and would be expressly in contravention of the order of the court barring claims that arose before the filing of the first lawsuit on October 11, 2007 (Doc. 21) and on the other grounds stated in Defendant's Motion in Limine. (Doc. 113).

Case 3:10-cv-00908-NJR-DGW Document 115 Filed 01/16/15 Page 6 of 7 Page ID #753

**NOTE: Defendants reserve the right to raise further objections to Plaintiffs' disclosed witnesses and exhibits based upon irrelevance and/or prejudice grounds under Federal Rules of Evidence 402 and 403 through motion(s)** *in limine* **and/or at trial.**

              **BECKER, HOERNER, THOMPSON & YSURSA, P.C.**

       By: */s/Thomas J. Hunter*
          **Thomas J. Hunter**
          No. 6256119

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, Illinois 62226-4797
(618) 235-0020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **STACY ALEXANDER and KIM ROGERS** | ) | |
| | ) | |
|  Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:10-CV-00908 |
| | ) | |
| **CASINO QUEEN, INC.**, a corporation, | ) | |
| | ) | |
|  Defendant. | ) | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that, on **January 16, 2015,** I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

| | |
|---|---|
| Lee W. Barron | lee@leebarronlaw.com |
| William D. Buchanan | will@leebarronlaw.com |
| Sean K. Cronin | scronin@drnpc.com |
| Thomas J. Hunter | tjh@bhtylaw.com |

                                **BECKER, HOERNER, THOMPSON & YSURSA, P.C.**

                        By:    /s/Garrett P. Hoerner
                                **Garrett P. Hoerner**
                                No. 06243119
                                **Thomas J. Hunter**
                                No. 6256119

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, Illinois 62226-4797
(618) 235-0020